STATE OF NORTH CAROLINA v. WILLIE VANDER McNAIR

No. 8411SC409

(Filed 5 February 1985)

**Burglary and Unlawful Breakings § 5.8; Larceny § 7.4— possession of recently stolen property—sufficiency of evidence**

In a prosecution of defendant for felonious breaking or entering and larceny, evidence was sufficient to be submitted to the jury under the doctrine of possession of recently stolen property, though the State did not show that defendant had an ownership interest in the car in which the stolen goods were found, where the evidence did show that there were no passengers other than defendant in the car in which the stolen goods were found, and defendant

alone possessed and controlled the car near the crime scene at the time of the breaking and entering and soon thereafter when the stolen goods were found.

APPEAL by defendant from *Beaty, James A., Judge.* Judgment entered 25 October 1983 in JOHNSTON County Superior Court. Heard in the Court of Appeals 15 January 1985.

Defendant was indicted and tried for felonious breaking and entering and felonious larceny.

At trial, the state's evidence tended to show the following circumstances and events. Mr. and Mrs. Christopher Olive left their residence in the morning of 30 August 1983 at about 12:15 p.m. Some neighbors observed a 1968 or 1969 grey Ford automobile near the Olive home. One of the neighbors talked to the driver of the car and identified defendant as the driver. The neighbor, being suspicious, called the Sheriff's Office. Mr. Olive returned home about 1:00 p.m. and found his home had been broken into. Numerous articles of personal property were missing from the home. Olive called the Sheriff's Office to investigate. Soon thereafter, Deputy Smith observed an older grey Ford headed toward Goldsboro. He identified defendant as the driver. Deputy Smith then went to Goldsboro, met a Wayne County Deputy Sheriff, and proceeded to locate the grey Ford parked at a residence on Elm Street. Defendant was standing by the car. Defendant opened the trunk of the vehicle, where the officers found the property missing from the Olive home.

Defendant did not testify, but presented alibi witnesses and testimony to the effect that defendant was driving the grey Ford at the request of a friend.

From judgments and sentences entered on the verdict, defendant has appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney General Michael Smith, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Robin E. Hudson, for defendant.*

WELLS, Judge.

Defendant has assigned error to the denial of his motion to dismiss for insufficiency of the state's evidence. In his argument,

defendant contends that since the state's case was based upon the doctrine of recent possession, the case must fall because the state was unable to show that defendant had an ownership interest in the car in which the stolen goods were found. Defendant cites *State v. Maines*, 301 N.C. 669, 273 S.E. 2d 289 (1981) in support of his argument.

In *Maines*, the state's evidence showed that the defendant was driving a car containing stolen goods, with the owner of the car seated beside him. There were two other passengers in the car. The court reversed Maines' conviction, concluding that the circumstances in that case would not allow an inference that Maines was in control of the stolen goods, or had dominion over them.

The facts in the case now before us readily distinguish this case from *Maines*. Here, there were no other passengers in the car in which the stolen goods were found and the evidence showed that defendant alone possessed and controlled the car near the crime scene approximately at the time of the breaking and entering and soon thereafter when the stolen goods were found. Under such circumstances, to establish dominion and control of the car, it was not necessary to show that defendant owned the car. We judicially note that borrowed, rented, or stolen cars may be used in criminal activities, including robberies and larcenies.

In *Maines*, the court established the test of the use of the recent possession doctrine rule to establish the presumption that the possessor of stolen goods is the thief. The elements are (1) the property described in the indictment was stolen; (2) the stolen goods were found in defendant's custody and subject to his control to the exclusion of others, though not necessarily found in the defendant's hands or on his person so long as defendant had the power and intent to control the goods, and (3) the possession was recently after the larceny. *Id.* The state's evidence in this case met this test and the trial court properly denied defendant's motion to dismiss.

No error.

Judges ARNOLD and MARTIN concur.